**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RUSSELL LOVETT,

      Petitioner,

v.                                       CASE NO:  8:07-cv-1410-T-30TBM

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, initiated this

action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1)

and a subsequent memorandum of law in support (Dkt. #2).  The Court has considered the

petition, Respondents' response (Dkt. #10) and Petitioner's reply (Dkt. #16).  Upon review,

the Court determines that the petition must be denied because Petitioner's first three grounds

are procedurally barred, and the fourth is without merit.

## BACKGROUND

On or about October 18, 1997, Petitioner was arrested and charged with one count of

armed burglary of a dwelling and one count of felony petit theft.  (Dkt. #16).  On February

25, 1998, a jury found Petitioner guilty on both counts.  (Dkt. #10).  Subsequently, on April

20, 1998, Petitioner was sentenced to 20 years in prison on count I, and ten years in prison on count II, with the sentences to run concurrently. (Dkt. #10).

Petitioner appealed his conviction and sentence to the Second District Court of Appeal (Dkt. #10). On February 24, 1999, the appellate court affirmed per curiam. *Lovett v. State*, 731 So.2d 665 (Fla. 2d DCA 1999). Petitioner did not seek certiorari review in the Supreme Court. (Dkt. #10).

On August 23, 2001, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 in the United States District Court for the Northern District of Florida.[1] (Dkt. #10). The matter was referred to the Middle District and the case was dismissed as untimely pursuant to 28 U.S.C. §2244(d). (Dkt. #10).

Petitioner then filed a 3.800 Motion to Correct Illegal Sentence on February 19, 2004, in the Twelfth Judicial Circuit in and for Manatee County (Dkt. #10). The court granted the motion and ordered resentencing on count II. (Dkt. #10). Petitioner filed a subsequent Motion for Leave to Amend Motion to Correct Illegal Sentence asking the court to resentence Petitioner on count I also. (Ex. # 12). The court found Petitioner's subsequent motion without merit and denied the motion. Petitioner was resentenced as to count II on August 5, 2004. (Dkt. #10). Petitioner appealed the resentencing, and the Second District Court of Appeals dismissed the appeal on November 10, 2004, for lack of jurisdiction because it was untimely. (Dkt. #10).

---

[1] 8:01-cv-1907-T-30MAP

Petitioner subsequently filed a Petition for Writ of Habeas Corpus with the Second District Court of Appeals, which the appeals court re-titled a Belated Appeal Petition on November 21, 2004. (Dkt. #10). The appeals court granted the Belated Appeal Petition on February 25, 2005, and subsequently silently affirmed the trial court's order addressing Petitioner's 3.800 motion and resentence on June 1, 2005. (Dkt. #10).

Prior to the appeals court rendering its decision, Petitioner filed a 3.850 Motion for Postconviction Relief on February 2, 2005. (Dkt. #10). The court denied the motion in part and dismissed the motion in part on September 5, 2005. (Dkt. #10). Petitioner filed a Motion for rehearing on September 20, 2005. The motion was denied on November 20, 2006, and Petitioner appealed. On June 20, 2007, the appeals court affirmed per curiam and a mandate was issued July 11, 2007. (Dkt. #10).

Petitioner now brings this Petition for Writ of Habeas Corpus dated August 9, 2007, and asks this court to grant a new trial with the assistance of effective counsel. (Dkt. #1).

## DISCUSSION

This case is governed by 28 U.S.C. §2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The act serves to provide a "more deferential standard of review of state habeas judgments." *Fagged v. Head*, 261 F.3d 1206, 1214 (11th Cir. 2001). Essentially, AEDPA attempts to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). As the Supreme Court held in *Williams v. Taylor*, the

District Court's review of the state court's factual findings must be highly deferential. *Williams v. Taylor*, 529 U.S. 362 (2000). Furthermore, the state court's findings are presumed to be correct unless rebutted by clear and convincing evidence. *Id*. The findings of the state court shall be accepted unless they are "contrary to" established Supreme Court precedent or involve an "unreasonable application" of such precedent. *Id*. Finally, if no Supreme Court precedent is on point, or if such precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established federal law. *Mitchell v. Esparaza*, 540 U.S. 12, 17 (2003).

**Jurisdiction**

Pursuant to 28 U.S.C. §2244(b)(1) the Court shall dismiss any and all claims presented in a habeas corpus petition that were presented in a prior petition. The statute does provide exceptions in certain circumstances. The exceptions apply when:

> i) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> ii) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> iii) the facts underlying the claim, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2244(b)(2).

Moreover, in order to permit a "second or successive" petition, the applicant must petition the appropriate court of appeals to authorize "the district court to consider the application."

28 U.S.C. §2244(3)(A).

Respondent asserts that Petitioner's §2254 Petition is successive because the first habeas petition was dismissed as untimely, and therefore was adjudicated on the merits. In *Murray v. Greiner*, the court held that "dismissal of a §2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under §2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005).

While Respondent is correct that a petition dismissed as untimely is considered adjudicated on the merits, and subsequent petitions referencing the same judgment will be successive, this argument does not hold true when the petition references a new judgment. Petitioner was resentenced on August 5, 2004, therefore creating a "new judgment." When a Petitioner files multiple §2254 Petitions for Writ of Habeas addressing different judgments, they will not be considered successive. *See Ferreira v. Sec'y, Dept. Of Corr.*, 494 F.3d 1286, 1291-93 (11th Cir. 2007) *discussing Burton v. Stewart*, 594 U.S. 147 (2007). In *Ferreira*, the court held that "the judgment to which AEDPA refers is the underlying conviction *and* the most recent sentence that authorizes the Petitioner's current detention." *Ferreira*, 494 F.3d at 1292. In the instant case, Petitioner filed his second §2254 Petition after he was resentenced. Therefore, the instant petition contests a "new judgment" and is not successive under *Ferreira*.

Also, res judicata does not apply even though Petitioner's first §2254 petition was "adjudicated on the merits." In *Bass v. Wainright*, the court held that "the doctrine of res judicata is not applicable to habeas corpus." *Bass v. Wainright*, 675 F.2d 1204, 1206 (11th Cir. 1982). Rather, courts impose the doctrine of finality to reduce the number of repetitive habeas petitions. The doctrine of finality precludes successive petitions that "allege no new grounds for relief," and successive petitions that "allege new grounds that might have been alleged in a prior petition." *Id*. at 1206. As discussed above, the instant Petition is not considered successive and therefore is not precluded by the doctrine of finality.

Because this Petition is not successive, this Court has proper jurisdiction to hear Petitioner's cause.

**Timeliness**

Pursuant to 28 U.S.C. §2244 (d)(1), a person in custody under state judgment has one year from the date the judgment becomes final to file a §2254 habeas corpus petition. Respondent urges that Petitioner's §2254 claim is untimely and invites this Court to stray from the Eleventh Circuit's holding in *Ferreira v. Sec'y Dept. of Corr.*, 494 F.3d 1286 (11th Cir. 2007) (*Ferreira II)*. In *Ferreira II*, the Eleventh Circuit Court of Appeals held that the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking review." *Id*. at 1289. Ultimately, the Court held that when a prisoner is resentenced, a "new judgment" is created, thus forming a new one year limitation period. *Id*. at 1293. Respondent insists that the Eleventh Circuit

is incorrect in its application of the law, and urges this court to follow the conflicting precedent set forth by the Third and Sixth Circuits. This Court declines to do so.

Petitioner was resentenced on August 5, 2004, therefore creating a "new judgment." The Second District Court of Appeals ultimately affirmed the trial court's order on Petitioner's Motion for Postconviction Relief and Motion for Rehearing on June 20, 2007, and a mandate was issued July 11, 2007. Thus, Petitioner's judgment became final 90 days after July 11, 2007. Petitioner filed his §2254 Petition on August 9, 2007. Therefore, Petitioner's Writ of Habeas Corpus Petition is timely pursuant to 28 U.S.C. §2244(d)(1).

**The First Three Grounds are Procedurally Barred**

Petitioner raised grounds one through three for the first time in his 3.850 Motion for Postconviction Relief. The state court's order addressing Petitioner's 3.850 motion dismissed these three grounds as untimely. (Ex. # 28). On appeal, the district court silently affirmed per curiam. Therefore, Petitioner's grounds one through three are procedurally barred. *See Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir. 1990) (holding that where the state court applies procedural default and the state appellate court silently affirms, it is a finding of procedural default).

In his subsequent Motion for Rehearing, Petitioner asserts that his resentencing tolls the 2 year statute of limitations period for Petitioner's Motion for Postconviction Relief. Petitioner therefore believes that the state court improperly dismissed his ineffective assistance of counsel claims. The state court addressed Petitioner's assertion in the Order Denying Motion for rehearing. There, the court disagreed with Petitioner's stance and

denied the motion citing *Joseph v. State*, 835 So.2d 1221,1222 (Fla. 5ᵗʰ DCA 2003). In

*Joseph v. State*, the 5ᵗʰ DCA held that "it would not make sense to allow a judgment to be

attacked many years after the expiration of the two-year deadline simply because a sentence

was corrected pursuant to a 3.800(a) motion." On appeal, the Second District Court of

Appeals affirmed.

The Eleventh Circuit has held that this Court cannot make an independent

determination of whether a state court properly applied its own procedural default rule. *Agan*

*v. Vaughn*, 119 F.3d 1538, 1549 (11ᵗʰ Cir. 1997). Furthermore, "a habeas petitioner may not

present instances of ineffective assistance of counsel in his federal petition that the state court

has not evaluated previously." *Footman v. Singletary*, 978 F.2d 1207, 1211 (11ᵗʰ Cir. 1992).

*See also Davis v. Jones*, 506 F.3d 1325, 1332 (11ᵗʰ Cir. 2007) *quoting Carrizales v.*

*Wainright*, 699 F.2d 1053, 1055 (11ᵗʰ Cir. 1983) (holding that "a state's interpretation of its

own laws or rules provides no basis for federal habeas corpus relief, since no question of a

constitutional nature is involved").

When the petitioner defaults a claim by failing to previously raise such claim on direct

review, the claim can only be raised in a petition for writ of habeas corpus "if the defendant

can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'"

*Bousley v. U.S.*, 523 U.S. 614, 622 (1998). In order to meet the cause prong, one must

establish "some external impediment preventing counsel from constructing or raising the

claim." *Lynn v. U.S.*, 365 F.3d 1225, 1233 (11ᵗʰ Cir. 2004). To successfully meet the

prejudice prong, the Petitioner must establish that errors at trial "worked to his actual and

substantial disadvantage, infecting his entire trial with error of constitutional dimensions."

*U.S. v. Frady*, 456 U.S. 152, 170 (1982). Petitioner does not raise any of these arguments

in his Petition or Reply and therefore cannot rely on them.

**Merits**

Even if the first three grounds were not procedurally barred, they would fail on the

merits. Only as an explanation to Petitioner, the Court will discuss the merits of the first

three grounds.

In order to successfully bring a §2254 claim for ineffective assistance of counsel, the

petitioner must first prove that "counsel's performance was deficient," then make a showing

that the counsel's deficient performance prejudiced the petitioner in some way. *Strickland*

*v. Washington*, 466 U.S. 668,687 (1984). The *Strickland* Court further held that in order to

satisfy the deficiency requirement, the petitioner must prove that counsel's "performance fell

below an objective standard of reasonableness...under prevailing professional norms." *Id*.

at 688. Furthermore, in order to successfully meet the prejudice requirement, the petitioner

must prove that there is a "reasonable probability, that but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Id*. at 694.

The burden of establishing ineffective representation rests on the moving party; and

such a showing must be made by a preponderance of competent evidence. *U.S. v. Cronic*,

466 U.S. 648, 658 (1984); *Chandler v. U.S.*, 218 F.3d 1305, 1313-14 (11th Cir. 2000). The

burden that petitioners face in §2254 cases is undeniably onerous, as was demonstrated by

the Eleventh Circuit Court of Appeals in *Chandler* when the court held that the petitioner

must "establish that no competent counsel would have taken the action that his counsel did take." *Id.* at 1315. *See also Strickland*, 466 U.S. at 689 (holding that "judicial scrutiny of counsel's performance must be highly deferential...a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

## A. Ineffective Assistance of Counsel (Grounds 1-3)

In *McMann v. Richardson*, 397 U.S. 759, 771 (1970), the Supreme Court held that the right to effective and competent counsel is paramount to the protections granted by the sixth amendment. In the present case, Petitioner raises three grounds of ineffective assistance of counsel. First, Petitioner alleges that "defense counsel rendered ineffective assistance by failing to investigate and prepare an adequate defense during trial, thus violating Petitioner's sixth and fourteenth amendments to the United States Constitution." (Dkt. #1). In support, Petitioner asserts that counsel "failed to subject the prosecution'[s] alleged case to any meaningful adversarial testing." (Dkt. #10). Indeed, counsel does have a duty to investigate reasonable claims. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Counsel's decision not to investigate "must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments."

Petitioner asserts that the victim was having a garage sale behind his home and Petitioner was trying to pawn several knives to the victim. Further, Petitioner alleges that because the victim was conducting the garage sale behind his house, he had to walk through victim's home to get to the sales area, therefore making the house "open" to the public. Nevertheless, when Petitioner was arrested and searched by police officers, Petitioner was

found in possession of several rings and a knife belonging to the victim, all of which came from the victim's home, not the alleged sales area. The victim disputed these facts at trial saying there was no garage sale being conducted. The victim's version was that he was in his garage working when he entered his home and discovered Petitioner holding his VCR and other items belonging to the victim.

Petitioner does not identify any evidence counsel would have uncovered with an investigation. Instead, Petitioner makes general conclusory statements like saying his lawyer should have had neighbors testify that there was a garage sale. Petitioner does not identify any such neighbors. The state did call a neighbor who testified that she had seen Petitioner riding his bicycle around the neighborhood. Notably, Petitioner does not fault his counsel for not questioning this witness about a garage sale.

General conclusory statements are insufficient to support a claim for federal habeas relief. *See David v. U.S.*, 134 F.3d 470, 478 (1st Cir. 1998) (holding that "a petitioner must do more than proffer gauzy generalities or drop self serving hints that a constitutional violation lurks in the wings"). *Id.* Therefore, Petitioner has failed to demonstrate that his counsel's performance was deficient.

In ground two, Petitioner alleges that "counsel rendered ineffective assistance by failing to investigate and conduct a viable defense, thus this is a violation [of] Petitioner's sixth and fourteenth amendments." (Dkt. #1). In support of ground two, Petitioner asserts the same facts as argued in ground one and further alleges that defense counsel did not furnish any evidence of the victim having "racial inclinations against blacks" to reduce the

victims credibility. (Dkt. #1).

This ground lacks merit for the reasons stated in ground one and because it is factually incorrect as to his counsel's failure to question the victim's racial bias. Counsel did actively question the victim about his racial fears at trial. (Trial Transcript page 97-98, lines 20-25, 1-2).

In ground three, petitioner alleges that "defense counsel rendered ineffective assistance by admitting Petitioner's guilt for the offense of burglary without petitioner's consent and without any evidence in support of that defense, thus this is a violation of Petitioner's sixth and fourteenth amendments." (Dkt.#1). In support of ground three, Petitioner states he pled not guilty to both offenses and continued to maintain his innocence throughout trial. (Dkt. #10). Petitioner alleges that in closing arguments defense counsel admitted Petitioner's guilt as to burglary without his consent to do so. (Dkt. #10).

In closing arguments, defense counsel stated: "Mr. Lovett went into a home and took property that didn't belong to him. Clearly he is guilty of burglary. The sole issue before you this morning is, was he armed at the time this burglary occurred?" (Trial Transcript P. 139, lines 4-8). It is well known that where there is strong evidence against a defendant on one count, it is sound trial strategy for counsel to admit that charge and contest others. Petitioner was found in possession of articles belonging to the victim, and at the time of arrest he admitted to stealing such property from the victim's home. Therefore, it was not deficient performance for the lawyer to admit the taking of the items, but contest that it was armed burglary.

For the above reasons, all of the ineffective assistance of counsel claims are without merit.

**B.**    **Violation of Due Process (Ground 4)**

Petitioner also alleges that "Petitioner was deprived due process of law during resentencing upon case number 97-2878, thereby violating Petitioner's 14th amendment." (Dkt. #1).  In support of his allegation, Petitioner alleges that because Petitioner's sentence in count II was illegal Petitioner "should have been allowed to present to the circuit court mitigation of facts and/or witnesses in regards to resentencing on count one and count two." (Dkt. #1).  From review of the state courts Order Granting, In Part, Defendant's Motion to Correct Illegal Sentence; Order Appointing Counsel, it appears that Petitioner believes that because he was incorrectly sentenced as a habitual offender on count II, it affected his sentencing on Count I.  (Ex. 19).

Petitioner first raises concerns of his habitual offender status in his 3.800 Motion to Correct Illegal Sentence and his supplemental Motion for Leave to Amend Motion to Correct Illegal Sentence.  There, Petitioner asserts it was a violation of his constitutional rights to be originally sentenced as a habitual offender, and therefore he must be resentenced on both counts.  The state court granted his Motion to Correct Illegal Sentence as to Count II, but denied Petitioner's request to be resentenced on Count I.  Petitioner was resentenced on Count II, and on appeal, the new sentence was silently affirmed.

Petitioner again raised this due process claim in his 3.850 Motion for Postconviction Relief, and in his Motion for Rehearing, both of which were denied.  Petitioner points to no

federal case that is contrary to the rulings of the state court's concerning their sentencing procedure. Furthermore, even his categorization as a habitual felony offender is a matter purely of state law.

Even if it were determined that the state court improperly denied Petitioner's supplemental motion, it is well settled that "federal habeas relief is unavailable for errors of state law." *Jamerson v. Sec'y for the Dept. of Corrections*, 410 F.3d 682, 688 (11ᵗʰ Cir. 2005). In particular, the Eleventh Circuit Court of Appeals has held that federal courts should not review state's decisions regarding a resentencing. *See Branan v. Booth*, 861 F.2d 1508 (11ᵗʰ Cir. 1988) (holding that "in the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures.")

Moreover, Petitioner's ground four is a state law sentencing issue couched in a federal due process claim. It is important to note that Petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9ᵗʰ Cir. 1996). Additionally, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Therefore, ground four has no merit.

## CONCLUSION

For all the reasons set fort above, the Court finds that Petitioner has failed to meet the requirements of 28 U.S.C. §2254.

It is therefore ORDERED AND ADJUDGED that:

1.      The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2.      The Clerk is directed to enter judgment in favor of Respondents and against

        the Petitioner, terminate any pending motions, and close this file.

        **DONE** and **ORDERED** in Tampa, Florida on July 31, 2009.


                                        JAMES S. MOODY, JR.
                                        UNITED STATES DISTRICT JUDGE


Copies Furnished To:
Counsel/Parties of Record

*F:\Docs\2007\07-cv-1410.deny 2254.wpd*